# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JANE DOE | : | Hon. Joseph H. Rodriguez |
| | : | |
| Plaintiffs, | | Civil Action No. 12-5825 |
| v. | : | |
| TOBI SIMONE | : | **MEMORANDUM ORDER** |
| Defendant. | : | |

Now here before the Court is Plaintiff's Motion for Default Judgment as to Defendant Tobi Simone [Doc.No.10]. For the reasons set forth below, the motion for default judgment will be granted in part.

## I. FACTUAL BACKGROUND

On September 11, 2012, the Plaintiff, Jane Doe filed a Complaint alleging five separate causes of action for relief against the Defendant, Tobi Simone. Among these, Plaintiff has brought suit for (i) Defamation; (ii) Invasion of Privacy/ Intrusion Upon Solitude, Harassment and Stalking; (iii) Infliction of Emotional Distress; (iv) Assault; and (v) Battery. The Defendant is Plaintiff's estranged husband, who lived in Voorhees, New Jersey at the time of the Complaint in this action.

Plaintiff's Complaint outlines allegations of a history of abuse and physical violence committed by the Defendant. According to Plaintiff, the Defendant began verbally abusing her sometime in 2003, and soon thereafter began physically battering her. The Defendant is said to have kicked, punched, and slapped the Plaintiff on numerous occasions between 2003 and 2011. Additionally, the Plaintiff alleges that, between 2003 and 2012, the Defendant verbally abused her, accusing her of adultery,

1

calling her names, and by making threats of death and serious bodily harm against her person.

In the years preceding this action the Defendant, both by phone and in person, contacted a variety of third parties associated with the plaintiff to either accuse them of having sexual relations with the Plaintiff, or to (falsely) inform them of her sexual behavior. These third party recipients included the Plaintiff's friends, co-workers, acquaintances, neighbors, and family members. Furthermore, the Plaintiff alleges that in 2011, the Defendant gained access to and stole private contact information and messages from her phone. The Defendant then used this information to contact the Plaintiff as well as other third parties with whom she was associated. Specifically, the information was used to continue contacting the Plaintiff's friends and associates to accuse her of infidelity and sexually promiscuous behavior.

The Plaintiff claims that she has suffered significantly as a result of the Defendant's conduct. She has suffered mental anguish, disruption to her existing relationships with others, humiliation, severe emotional distress, fear for the safety of both her and her children, as well as out-of-pocket expenses.[1]

The Defendant was personally served with copies of the Summons and Complaint at his place of employment in Ardmore, Pennsylvania on October 4, 2012. The Defendant failed to file a response or in any way litigate the present action. On January 14, 2013 the Plaintiff requested that the Clerk of the Court enter default against the Defendant. Following the Clerk's entry of default, on February 8, 2013, Plaintiff filed her instant motion for default judgment as to the Defendant, Tobi Simone.

---

[1] Plaintiff claims that the years of abuse that she suffered in relation to the Defendant's conduct left her with what is known as "Battered Woman's Syndrome." (Compl. ¶ 21.)

## II. STANDARD OF REVIEW

Prior to the court's issuance of a default judgment against a defendant, the Clerk of the Court must make an entry of the defendant's default. Fed. R. Civ. P. 55(a); See also Heard v. Caruso, 351 Fed. Appx. 1, 15-16 (6th Cir. 2009). The entry of a default is primarily a matter of judicial discretion, and the Third Circuit has "repeatedly state[d] [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) (citations omitted); see also Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 WL 878426 (D.N.J. Apr. 1, 2008). Federal Rule of Civil Procedure 55(b)(2) authorizes courts to enter a default judgment against "a properly served defendant who fails to plead or otherwise defend an action." La. Counseling and Family Servs. v. Makrygialos, LLC., 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev., 922 F.2d 168, 177 n. 9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred").

A party is not entitled to the entry of a judgment of default as of right, because the entry of such a judgment is left primarily to the discretion of the district court. Hritz, 732 F.2d at 1180. Furthermore, defendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages. See 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998 and Supp. 2013). Similarly, courts must accept the plaintiff's well-pleaded factual allegations as true, but need not accept the plaintiff's factual allegations regarding damages as true.

Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990). The Court need not accept Plaintiff's legal conclusions, because "[e]ven after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id. § 2688, at 63. See also DirecTV v. Decroce, 332 F. Supp. 2d 715, 717 (D.N.J. 2004).

Before entering a judgment of default, a court must consider: (1) whether there would be prejudice to the plaintiff if no default judgment was entered; and (2) whether a meritorious defense has been asserted by the defendant, and (3) whether the defendant's own culpable conduct caused his delay in responding to the Complaint. Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000). In considering these factors, a court must apply a standard of liberality so that any doubt is resolved in favor of hearing claims on their merits. Medunic v. Lederer, 533 F.2d 891, 894 (3d Cir. 1976)

In the absence of sufficient evidentiary support, the Court may order or permit the plaintiff to provide additional evidence to support his or her allegations, See, e.g., Rose Containerline, Inc. v. Omega Shipping Co., Inc., Civil No. 10-4345, 2011 WL 1564637, at *3 (D.N.J. Apr. 25, 2011) (ordering the plaintiff to "provide the Court with additional clarifying information to justify the damages sought"); Bridges Fin. Group, Inc. v. Beech Hill Co., Inc., Civil No. 09-2686, 2011 WL 1485435, at *5 (D.N.J. Apr. 18, 2011) (permitting the plaintiff to "file supplemental documentation regarding its claim for interest and reasonable attorneys' fees and costs"). The Court may also conduct hearings to ascertain the amount of damages owed to the plaintiff. Fed. R. Civ. P. 55(b)(2).

However, the Court is not required to conduct such hearings "as long as it ensures that there is a basis for the damages specified in the default judgment." Trucking Employees of North Jersey Welfare Fund, Inc.-Pension Fund v. Caliber Auto Transfer, Inc., Civil No. 08-2782, 2009 WL 3584358, at *3 (D.N.J. Oct. 27, 2009) (quoting Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). For example, courts have held that hearings are unnecessary where "detailed affidavits and documentary evidence" have been submitted to support the plaintiff's claim for damages. See Tamarin v. Adam Caterers, 13 F.3d 51, 54 (2d Cir. 1993). Additionally, if the damages are for a "sum certain or for a sum which can by computation be made certain, a further evidentiary inquiry is not necessary and a district court may enter final judgment." Bds. of Trs. Of the Operating Eng'rs Local 825 Welfare Fund v. Robert Silagy Landscaping, Inc., Civil No. 06-1795, 2006 U.S. Dist. LEXIS 82475, at *9 (D.N.J. Nov. 9, 2006).

## III. ANALYSIS

In the present case, the Court first addresses whether it has personal jurisdiction over the Defendant, and whether service effectuated on the Defendant was properly executed. The Court then addresses the other relevant factors in disposition for default judgment.

### A. Personal Jurisdiction and Service

Turning first to the issue of personal jurisdiction, the Plaintiff alleges that the Defendant was served with a copy of the Summons and Complaint outside of New

5

Jersey at his place of business in East Ardmore, Pennsylvania. (Mot. for Default ¶6.) Plaintiff alleges in her Complaint that at the time that this action was instituted, the Defendant was still residing in New Jersey. However, the record also indicates that the Defendant moved to Pennsylvania sometime between the filing of the Complaint, and the time that Plaintiff's Motion for Default Judgment was received by the court. The concern is that the Defendant, having changed his state of domicile, may have done so prior to his being served with the summons and Complaint.[2] The record simply does not show when the Defendant moved, or if he was still a resident of New Jersey at the time of service. Given that the Defendant was served outside the State of New Jersey and may not have been a resident of the state at the time of service, the Court must consider whether or not hailing the Defendant into the Court's jurisdiction comports with the notions of substantial justice and fair play that are determinative of issues regarding personal jurisdiction. Mesalic v. Fiberfloat Corp., 897 F.2d 696, 701 (3d Cir. 1990) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95, (1945). The record is somewhat unclear as to when exactly the Defendant originally became a resident of New Jersey, or as noted, when he left the state. However, it is clear from the record that at least as early as 2004, the Plaintiff and the Defendant shared a home in New Jersey while also renting an apartment in New York. While a defendant who leaves the state in which he is domiciled is not physically present in that state, he is

---

[2] An entry of default judgment without personal jurisdiction over a defendant is void. System Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001). The Federal Rules provide that a district court may exercise personal jurisdiction over a defendant to the extent permitted by the state in which the district sits; here, New Jersey. Fed. R. Civ. P. 4(e). The New Jersey long-arm statute authorizing personal jurisdiction provides that the court obtains in personam jurisdiction over a defendant within the state, "by delivering a copy of the summons and Complaint to the individual personally." N. J. Ct. R 4:4-4. Furthermore, personal service made outside of the state is valid if it is delivered in accordance with the rules governing service had it been effectuated within the State of New Jersey. Id. Pennsylvania law provides that service is effective where a defendant receives service personally at "any office or usual place of business." Pa. R.C.P. RULE 402.

not entirely without the state even on his sojourns beyond its borders. He is still subject to personal jurisdiction in that state until he has become domiciled somewhere else. Milliken v. Meyer, 311 U.S. 457, 463-64, 85 L. Ed. 278, 61 S. Ct. 339 (1940). It is unclear though when the Defendant became domiciled in Pennsylvania, and therefore the court cannot conclude that the Defendant was subject to personal jurisdiction in the State of New Jersey by virtue of domicile.

However, the defendant need only have sufficient minimum contacts with the forum to be subject to jurisdiction there. New Jersey's long-arm statute grants this Court the same authority as the due process clause of the Fourteenth Amendment of the United States Constitution. N.J.Ct.R 4:4-4(b)(1), See also Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004).[3] A court gains specific jurisdiction over a defendant, "when the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." Miller Yacht Sales, 384 F.3d at 96 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985)).

The Complaint against the Defendant alleges that the Defendant engaged in much of the tortious activity described throughout the Complaint while both he and the Plaintiff were in New Jersey. In many of the instances the Defendant's alleged activities were not only felt by the Plaintiff in the forum, but originated within it as well. See Keeton v. Hustler, 465 U.S. 770, 776, 79 L. Ed. 2d 790, 104 S. Ct. 1473 (1984), (Where the United States Supreme Court held that states have, "an especial interest in

---

[3] The Due Process Clause of the Fourteenth Amendment limits the reach of long-arm statutes so that a court may not assert personal jurisdiction over a nonresident defendant who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987) (quoting International Shoe, 326 U.S. at 316).

7

exercising judicial jurisdiction over those who commit torts within [their] territory). The alleged commission of tortious activities by the Defendant, against the Plaintiff while both were in the forum, clearly meets this threshold. The alleged conduct of the Defendant and harm felt by the Plaintiff had its focal point within the State of New Jersey. Calder v. Jones, 465 U.S. 783, 789, 79 L. Ed. 2d 804, 104 S. Ct. 1482 (1984). Accordingly, the Court finds that it does have personal jurisdiction over the Defendant in this matter.

Next turning to the issue of proper service, it is appropriate to establish proper service before entering a judgment, such as a default, as courts cannot exercise jurisdiction over a party that has not been served in conformity with Rule 4 of the Federal Rules of Civil Procedure. See Reddy v. Medquist, Inc., No. 06-4410, 2009 WL 2413673, at *2 (D.N.J. Aug. 4, 2009) (reversing summary judgment in favor of plaintiff after determining that the plaintiff had not established proper service). Furthermore, the Court may *sua sponte* raise the issue of improper service of process. Id. at *2 (citing Fed R. Civ. P. 4(m)). Where there is a question about the validity of service, the burden of proof of service lies on "the party asserting the validity of service." Grand Entm't Group v. Star Media Sales, 988 F.2d 476, 488 (3d Cir. 1993).

In this case it appears that there are no outstanding issues with the effectuation of service. Plaintiff has provided evidence that service was completed on the Defendant on October 12, 2012, in person, at his place of business. For this reason, the court finds that service was valid. The Court also finds that the Clerk's Office properly entered default. See System Pipe & Supply, Inc., 242 F.3d at 324.

## B. Default

Consideration of the default criteria weigh in favor of default judgment. Plaintiff would suffer prejudice if default judgment were denied, due to the fact that she has no other remedy against Defendant. Second, because Defendant has failed to answer, there does not appear to be a meritorious defense to Plaintiff's claims. The Court is unable to assess whether Defendant's own culpable conduct caused delay in responding to the Complaint. Therefore, entry of default judgment with respect to liability only is appropriate at this time.

With respect to Plaintiff's claim of defamation, under New Jersey law, "a statement is defamatory if it is (1) false, (2) communicated to a third person, and (3) tends to lower the subject's reputation in the estimation of the community or to deter third persons from associating with him." W.J.A. v. D.A., 210 N.J. 229, 238, 42 A.3d 1148 (2012). Moreover, a statement constitutes defamation *per se* when it accuses the plaintiff of, having committed a crime, being infected with some "loathsome disease", business misfeasance, or engaging in "serious sexual misconduct." Id. at 240.

Plaintiff avers that the Defendant falsely asserted to a number of third persons that the Plaintiff had committed adulterous sexual conduct, and he also accused her of being a "slut," the "queen of sluts," and a "whore." Plaintiff further alleges that third party recipients of Defendant's statements included her friends, family, and colleagues. Taking the facts presented by the Plaintiff as true, See Chanel, 558 F. Supp. 2d at 536, the Court finds that the factual allegations of defamation "constitute a legitimate cause of action." See Charles A. Wright, Arthur R. Miller & Mary Kay Kane, at 58-59.

As to Plaintiffs second cause for relief from Invasion of Privacy/Intrusion Upon Solitude, Harassment, and Stalking:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

McNemar v. Disney Store, 91 F.3d 610, 622 (3d Cir. Pa. 1996) (citing Restatement (Second) of Torts, § 652B (1977)); See also Rumbauskas v. Cantor, 138 N.J. 173 (N.J. 1994) (the Supreme Court of New Jersey recognizing claims for invasion of privacy premised on incidents of stalking or threats of bodily harm).[4] The law on invasion of privacy protects an individual from interference with their right "to be let alone." Devlin v. Greiner, 147 N.J. Super. 446, 462, 371 A.2d 380 (Law Div. 1977). Furthermore, "an invasion of privacy need not be physical; it can also arise by the use of the defendant's senses... to oversee or overhear the plaintiff's private affairs... or [i]t may be by some other form of investigation or examination into his private concerns" Hennessey v. Coastal Eagle Point Oil Co., 129 N.J. 81, 95, 609 A.2d 11 (N.J. 1992) (citing Restatement (Second) of Torts, §652B (1977) (internal quotation marks omitted)). Here the Plaintiff alleges that the Defendant "accessed and stole private contact information and communications from [her] cell phone." (Compl. ¶ 129.) Taking Plaintiff's factual allegation as true, the Court finds that the Plaintiff has alleged a legitimate cause of action.

Plaintiff's claim of infliction of emotional distress also succeeds. In order to make out a case for Intentional Infliction of Emotional Distress a plaintiff must show: (1) that the defendant was either deliberate or reckless in his actions, disregarding "the high probability that emotional distress will follow"; (2) that the defendant's conduct was

---

[4] It is unclear why, but the Complaint included language similar to that found in the criminal provisions of N.J. Stat. §§ 2C:33-4, and 2C:12-10(b) with respect to Plaintiff's allegations of stalking and harassment. However, proving the criminal elements of stalking and harassment are not central to the Plaintiff's claim for invasion of privacy.

10

outrageous or extreme "beyond all possible bounds of decency"; (3) that the defendant's conduct was the proximate cause of the plaintiffs emotional distress; and (4) that the plaintiff's emotional distress was "so severe that no reasonable man could be expected to endure it." Lascurain v. City of Newark, 349 N.J. Super. 251, 277, 793 A.2d 731 (App.Div. 2002) (citing Buckley v. Trenton Saving Fund Soc'y, 111 N.J. 355, 366, 544 A.2d 857 (1988) (internal quotations omitted). Based on the factual allegations that Plaintiff has submitted to the Court, the cause of action is legitimate.

Turning to Plaintiffs claim of relief for assault, a "plaintiff must show that (1) the defendants acted with intention to cause harm or offensive contact with the person, or an imminent apprehension of such a contact, and (2) that the other [was] thereby put in such imminent apprehension." Brewer v. Hayman, 2009 U.S. Dist. LEXIS 59321, at *28 (D.N.J. July 9, 2009) (citing Leang v. Jersey City Bd. Of Educ,. 198 N.J. 557, 969 A.2d 1097, 1117 (N.J. 2009) (internal citations omitted). Plaintiff claims that the Defendant made a number of serious threats against her, including threats that he would "slaughter," "murder", "burn," and otherwise cause her serious physical harm. (Compl.¶ 147.] Plaintiff further avers that she "apprehended that [the Defendant]... demonstrated recklessness and disregard with respect to whether [the Defendant's] actions would cause [her] physical harm." (Compl. ¶ 148.) This assertion is deficient of the requirement that the plaintiff must have *apprehended harm*. See Brewer, 2009 U.S. Dist. LEXIS 59321 at *28. The Plaintiff here merely states that she apprehended the Defendant's "recklessness and disregard." However, in reading the Complaint as a whole, it is clear that the Plaintiff did imminently apprehend the sort of contact threatened by the Defendant. Therefore, Plaintiff has made out a legitimate claim.

11

Finally, addressing Plaintiff's claim of battery; "[a]ny non-consensual touching is a battery, and that such a cause of action is established by proof of an unauthorized invasion of the plaintiff's person, even if harmless." Kelly v. County of Monmouth, 380 N.J. Super. 552, 559, 883 A.2d 411 (App.Div. 2005) (citing Perna v. Pirozzi, 92 N.J. 446, 460-61, 457 A.2d 431 (N.J. 1983). Though not absolutely requisite, the defendant's intent to make an offensive or harmful contact upon the plaintiff is sufficient showing of intent in an action for battery. Id. (the court noting that a tortfeasor's intent to cause his victim to apprehend harmful contact was sufficient). Plaintiff claims that on more than one occasion the Defendant kicked, slapped, and spit on her. Thus, the Court finds that the Plaintiff has made a legitimate claim here as well.

## IV. CONCLUSION

Plaintiff's Motion for Default Judgment as to Defendant Tobi Simone is granted in part as to liability on the claims of defamation, invasion of privacy, infliction of emotional distress, assault and battery. The Court reserves decision on the determination of damages.

It is hereby **ORDERED** on this 16th day of July, 2013 that Plaintiff's Motion for Default Judgment as to Defendant Tobi Simone [Doc.No. 10] shall be **GRANTED in part** as to liability; and

It is **FURTHER ORDERED** that Plaintiff shall submit to the Court any additional information justifying damages, including, but not limited to, a list of witnesses, witness affidavits, the medical bills and records, a calculation of damages,

and any other documentation or proof for consideration no later than July 26, 2013.

Upon review of the submission, the Court will schedule a damages hearing.


                                                            s/ Joseph H. Rodriguez
                                                           HON. JOSEPH H. RODRIGUEZ,
                                                           United States District Judge